**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| RECONSERVE INC., a California Corporation; RECONSERVE OF KANSAS, INC., a Kansas Corporation, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) | JURY TRIAL DEMANDED |
| AAL ORGANIC MATTERS, LLC, a Texas Limited Liability Company | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs ReConserve Inc., and ReConserve of Kansas, Inc. (collectively, "ReConserve" or "Plaintiffs"), by and through their undersigned counsel, for their Complaint against Defendant AAL Organic Matters, LLC ("AAL Organic Matters"), state as follows:

## NATURE OF THE ACTION

1.       This is a diversity action involving common law claims under Texas law. Plaintiff asserts claims against AAL Organic Matters for tortious interference with an existing contract.

2.       Defendant AAL Organic Matters has intentionally and willfully interfered with Plaintiffs' contracts and business relations in the food by-product recycling industry, and in doing so, has damaged ReConserve.  AAL Organic Matters has interfered with ReConserve's service contract with Schwan's Global Supply Chain, Inc. ("Schwan's").

## THE PARTIES

3.       Plaintiff ReConserve, Inc. is a California corporation, with its principal place of business at 2811 Wilshire Blvd., Suite 410, in Santa Monica, California.

4.      Plaintiff ReConserve of Kansas, Inc. is a Kansas corporation, with its principal place of business at 41 North James Street, in Kansas City, Kansas. ReConserve of Kansas, Inc. is a wholly owned subsidiary of Plaintiff ReConserve, Inc.

5.      Defendant AAL Organic Matters, LLC is a Texas limited liability company, with its principal place of business in Dublin, Texas. Defendant may be served by serving its registered agent Joe M. Borges at 975 County Road 356, Dublin, Texas 76446.

## JURISDICTION AND VENUE

6.      The Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. §§ 1332(a)(1) because the Plaintiffs and AAL Organic Matters are citizens of different States and more than $75,000 is in controversy.  AAL Organic Matters' acts interfered with and caused the loss of ReConserve's profitable contract with Schwan's, from which ReConserve stood to earn well in excess of $100,000 in profit, exclusive of anticipated renewal revenue. Moreover, Plaintiffs have invested substantial resources to raise their brand awareness and develop goodwill with their customers and industry partners—goodwill that has been unalterably harmed through AAL Organic Matters' unfair pricing and attempts to steal ReConserve's business. Thus, AAL Organic Matters' unlawful actions have had an impact on Plaintiffs far in excess of $75,000.

7.      The Court has personal jurisdiction over AAL Organic Matters because it has sufficient contacts with the State of Texas, and has committed tortious acts directed from Texas. Additionally, AAL Organic Matters' principal place of business is in Texas, and the acts or omissions giving rise to ReConserve's claims against AAL Organic Matters were directed from AAL Organic Matters' principal place of business in Texas.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to Plaintiffs' claims occurred in Dublin, Texas, which is within this federal judicial district.

## FACTS

9.     ReConserve is in the business of recycling food by-products on behalf of food processing and manufacturing facilities across the United States.

10.     On or about April 2, 2011, ReConserve entered into a Service Agreement (the "Service Agreement") with Schwan's, whereby ReConserve would provide recycling services for all scrap edible materials produced at a Schwan's plant located in Salina, Kansas (the "Recycling Services").

11.     Under the terms of the Service Agreement, ReConserve was entitled to collect and haul all scrap edible materials from Schwan's plant located in Salina, Kansas, commonly known as Tony's Pizza (the "Salina Plant") and recycle the scrap edible materials.

12.     As compensation for the scrap edible materials received, ReConserve agreed to pay to Schwan based on the weight of scrap edible materials received at fair market rates as described in Exhibit 2 of the Service Agreement.   ReConserve and Schwan's enjoyed a mutually advantageous and profitable relationship throughout the time the Service Agreement was in place, and ReConserve fulfilled its responsibilities under the Service Agreement.

13.     Unbeknownst to ReConserve and while the Service Agreement was still in force and effect, AAL Organic Matters began contacting Schwan's and its subsidiaries, including at the Salina Plant, that were under contract with ReConserve, in an effort to acquire the right to obtain the Salina Plant's scrap edible materials in derogation of ReConserve's contract with Schwan's.

14.     Upon information and belief, in the course of AAL Organic Matters' communication with Schwan's and its subsidiaries, AAL Organic Matters offered Schwan's prices for the Recycling Services substantially below the market rates offered by ReConserve and/or at a rate that was unprofitable for AAL Organic Matters, in an effort to steal Schwan's business away from ReConserve.

15.     The Service Agreement included a termination provision, permitting either Schwan's or ReConserve to terminate the agreement with one-hundred eighty (180) written notice, which Schwan's exercised by letter dated September 11, 2017.  In its letter, Schwan's notified ReConserve that the Service Agreement would be terminated effective March 10, 2018.

16.     However, prior to the termination date of March 10, 2018, AAL Organic Matters began providing recycling services to Schwan's at the Salina Plant.  In so doing, AAL Organic Matters began collecting and hauling away scrap edible material from the Salina Plant that Schwan was contractually obligated to provide to ReConserve.

17.     As a result of AAL Organic Matters interference with ReConserve's Service Agreement with Schwan's, ReConserve was prevented from collecting and recycling in excess of 5,000 tons of scrap edible materials from the Salina Plant, representing a loss in anticipated profits of more than $95,000.00 to ReConserve in the termination period alone.

18.     Additionally, as a result of AAL Organic Matters' interference, ReConserve has lost a profitable business relationship with Schwan's, resulting in damage estimated to be in excess of the immediate $95,000.00 in lost profits.

19.     At all times while the Service Agreement was in place, ReConserve maintained collection containers at the Salina Plant, clearly labeled as belonging to ReConserve and placing any observer on notice that ReConserve was providing the Recycling Services to the Salina Plant.

20.     Due to the presence of ReConserve's collection containers and other facts evidencing its relationship with the Salina Plant, AAL Organic Matters, as a knowledgeable participant in the scrap edible recycling industry, was fully aware of ReConserve's business relationship with Schwan's at the Salina Plant.  AAL Organic Matters proceeded with its efforts to entice Schwan's business with full knowledge of ReConserve's existing relationship with Schwan's.

## COUNT I – TORTIOUS INTERFERENCE WITH AN EXISTING CONTRACT

21.     Plaintiff realleges each and every allegation in Paragraphs 1 through 20 as though fully set forth herein.

22.     ReConserve's Service Agreement with Schwan's was a valid and enforceable contract, subject to interference. ReConserve fulfilled all of its contractual obligations under the Service Agreement.

23.     AAL Organic Matters had knowledge of ReConserve's Service Agreement with Schwan's.

24.     AAL Organic Matters also willfully and intentionally interfered with ReConserve's Service Agreement with Schwan's by offering and performing Recycling Services at the Salina Plant prior to the termination of ReConserve's Service Agreement.

25.     AAL Organic Matters willfully and intentionally interfered with ReConserve's Service Agreement with Schwan's by offering below-market and/or unprofitable prices to Schwan's.

26.     AAL Organic Matters' intentional interference was without justification.

27.     As a result of AAL Organic Matters' conduct, ReConserve has suffered and will continue to suffer actual damage, including but not limited to lost profits under the Service Agreement and costs of investigating AAL Organic Matters' wrongful conduct.

28.     AAL Organic Matters' conduct has also caused irreparable injury to ReConserve's goodwill and reputation, an injury which is and continues to be ongoing and irreparable. ReConserve lacks an adequate remedy at law, and an award of monetary damages alone cannot fully compensate ReConserve for its injuries. Accordingly, ReConserve is entitled to a permanent injunction.

WHEREFORE, Plaintiffs ReConserve, Inc. and ReConserve of Kansas, Inc. pray that the Court enter judgment in their favor and against Defendant AAL Organic Matters, LLC, and award Plaintiffs the following relief: (i) preliminarily enjoin AAL Organic Matters from tortiously interfering with Plaintiffs' contracts; (ii) permanently enjoin AAL Organic Matters from tortiously interfering with Plaintiffs' contracts; (iii) award damages in Plaintiffs' favor and against AAL Organic Matters in excess of $75,000; (iv) award Plaintiffs their costs and attorneys' fees; and (vi) grant such other or further relief as the Court deems just and equitable.

Respectfully submitted,

*/s/ Meagan Martin*
Meagan Martin
Texas Bar No. 24050997
HEYGOOD, ORR & PEARSON
6363 North State Highway 161, Suite 450
Irving, TX 75038
Tel.: (214) 237-9001
Fax: (214) 237-9002
Meagan@hop-law.com